(95 Misc. Rep. 177)

### GLEESON v. UMANS.

(Supreme Court, Appellate Term, First Department. May 26, 1916.)

INSOLVENCY ☞112—ACTIONS AGAINST TRUSTEE.

Where the plaintiff obtained a purchaser for the assets of the insolvent contracting company, under a contract made with its attorney before the defendant was appointed custodian of the company's assets, there being no contract or privity of employment between plaintiff and defend-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ant, although defendant has possession of the proceeds of the sale, plaintiff must prove his claim against the contracting company, before he can enforce it against the fund in the defendant's possession as trustee for its creditors.

[Ed. Note.—For other cases, see Insolvency, Cent. Dig. § 175; Dec. Dig. ⊂⊃112.]

Appeal from Municipal Court, Borough of the Bronx, First District.

Action by Timothy D. Gleeson against Joseph Umans, as trustee of the Charles L. Doran Contracting Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Cohen Brothers, of New York City (Lawrence B. Cohen and Myron L. Lesser, both of New York City, of counsel), for appellant.

Benjamin Franklin, of New York City, for respondent.

GUY, J. Upon the day set for trial the parties appeared in open court, and the following facts were conceded by the respective parties and placed upon the record. Plaintiff's counsel stated in substance that one of the attorneys for the Doran Contracting Company, which company was at that time insolvent, employed the plaintiff to obtain a purchaser for the assets of said company; that plaintiff did procure a purchaser for said assets, who paid therefor the sum of $1,-050; that the agreed compensation for such services was 5 per cent., amounting to the sum of $52.50; that there was two years' interest due thereon, and said sum was paid over to this defendant as trustee for the creditors of said company, who still holds the same for the benefit of such creditors. The defendant's attorney then stated that at the time of the foregoing transactions the plaintiff did not know Umans, the defendant, that he had no dealings with him, and that all of such dealings were conducted with one Abberly, who was then the attorney for said Doran Company, and that all of said transactions were complete before the appointment of this defendant as trustee for said creditors. Upon these statements the court below rendered judgment in favor of the plaintiff.

This was an erroneous disposition of the case. It will be seen, from the concessions made, that the defendant is a mere holder of the proceeds of the assets of the Doran Company for the benefit of its creditors, of which the plaintiff is apparently one. The plaintiff acted for and on behalf of the Doran Company under a contract made through its attorney, Abberly, before defendant had been appointed custodian of the assets. Plaintiff had no relations whatever with defendant, was not known or employed by him, and in no view of the facts shown could there be any contract or privity of employment between the plaintiff and the defendant. It is true that the defendant has possession of the proceeds of the sale of the assets of the company, but that alone does not render him liable upon plaintiff's claim. Plaintiff's claim is against the Doran Company for his services, and when such claim is proven he will then be in a position to enforce it against the fund in the defendant's possession as trustee for such creditors. None

of the cases cited by plaintiff are in point, or apply to the situation as here existing.

Judgment reversed, with $30 costs, and complaint dismissed, with costs. All concur.